In re the Marriage of Sherry Anhalt **HOFER**, Petitioner, Respondent,

v.

James Leslie **HOFER**, Appellant.

No. C1–85–1497.

Court of Appeals of Minnesota.

May 6, 1986.

Criston L. Drake, Brainerd, for respondent.

Judith L. Oakes, St. Paul, for appellant.

Heard, considered and decided by NIERENGARTEN, P.J., and FORSBERG and LESLIE, JJ.

## OPINION

FORSBERG, Judge.

James Leslie Hofer appeals from a Judgment and Decree dated May 9, 1985, which granted Sherry Wiltse legal custody of the parties' minor children. Appellant takes issue with the determination of sole legal custody in respondent and with the six week summer custody period granted to him by the court. We affirm.

## FACTS

This appeal involves a marriage dissolution. The parties were married on June 26, 1976. There are two minor children of the marriage: Daniel James Hofer, born November 11, 1979, and Laura Jean Hofer, born July 17, 1981.

At the time of trial, appellant was employed as a school counselor in Amery, Wisconsin. Respondent was a part-time nutrition educator for Crow Wing County in Minnesota.

The parties separated in the summer of 1983. Respondent and the children moved to Brainerd, Minnesota, from their home in Wisconsin. At the time of the separation, the parties agreed to visitation and child support. From the time of the separation until September, 1984, appellant visited the children every other weekend.

In August of 1984 appellant moved the court for an order structuring visitation. The motion was granted on September 18, 1984. From September of 1984 through the time of trial, the children were in appellant's care for eight continuous days each month pursuant to the order. With the exception of the August motion, the parties have resolved visitation problems by agreement without the aid of the court or Court Services.

Appellant failed to request joint legal custody of the minor children of the parties in his answer and counter-petition for dissolution of the marriage. Joint legal custody was alluded to by respondent's counsel at the trial but was not directly requested by the appellant. It was not until after the trial that appellant expressed interest in joint legal custody, in proposed findings of fact and in a letter memorandum to the trial court.

The trial court awarded sole legal custody to respondent. In addition the court determined that when the children begin school, respondent will have physical custody for most of the year. Appellant was granted visitation six weeks each summer. He was also given visitation rights two weekends per month and on alternating holidays from school.

The trial court made the findings required where one parent custody is contemplated, set out in Minn.Stat. § 518.17, subds. 1, 3 (1984). The trial court made no findings regarding any of the factors required to be considered if joint physical or legal custody is sought, enumerated in Minn.Stat. § 518.17, subd. 2.

Appellant appeals from the award of sole legal custody to respondent and from the duration of his summer visitation.

## ISSUES

I. Was joint legal custody litigated by the parties?

II. Did the trial court abuse its discretion in awarding appellant six weeks visitation each summer?

## ANALYSIS

### I.

■ Appellant claims that the issue of joint legal custody was litigated by consent, as authorized by Minn.R.Civ.P. 15.02. Thus, appellant argues, the trial court erred by failing to make findings regarding the statutory factors required where joint custody is considered. Minn.Stat. § 518.17, subd. 2.

Appellant argues that because joint custody was referred to during trial and because he included the issue in proposed findings and a letter memorandum to the court after trial, the issue was tried by consent.

We reject appellant's argument for several reasons.

Normally the issues litigated at trial are those raised in the pleadings. There is a presumption that evidence presented by the parties relates to the issues so raised. *Folk v. Home Mutual Insurance Company,* 336 N.W.2d 265, 267 (Minn.1983).

Where parties actually litigate an issue by consent, though, a trial court may allow the pleadings to be amended to conform to the evidence under Rule 15.02. The rule is designed to overcome the perceived unwillingness of judges to permit amendments coming late in the action. Haydock and Herr, 1 *Minnesota Practice* 349 (2d Ed. 1985).

The rule requires the issue must be *litigated* by express or implied *consent* of both parties. *See* Minn.R.Civ.P. 15.02. Mere reference to the terms "joint legal custody" during trial does not amount to litigation of an issue.

Additionally, since there is no express consent here, the consent would have to be implied. Implied consent to litigate an issue must be "clearly indicated." *Folk,* 336 N.W.2d at 267–68. Although respondent did not object to the references to joint legal custody, there is nothing in the transcript that clearly indicates that respondent consented to litigate joint legal custody. Memoranda mailed to the trial judge after trial is irrelevant to the question whether consent existed at the time of trial. *See id.*

A party must have notice of a claim against her and an opportunity to oppose it before a binding adverse judgment may be rendered. *Id.* at 267. A trial court is required to base relief only on issues either raised by the pleadings or litigated by consent for this reason. *Id.*

■ We recognize the importance of a legal custody determination. However, even if consent could be implied in this case, the issue of joint legal custody was not sufficiently litigated for the trial court to make findings on the issue. Additionally, what little testimony was taken on the issue indicated that the parents were unable to cooperate. Appellant himself testified that he and respondent had difficulty making decisions together. The court did not abuse its discretion by awarding sole legal custody to respondent.

A review of the pleadings and transcript reveals that the issue of *joint* legal custody was not litigated at trial. We decline to review the issue since it is not properly before this court.

### II.

■ Appellant argues that the trial court abused its discretion by awarding him only a six week period each summer during which the children will live with him. Appellant seeks to have visitation for the entire summer. He claims that as a school counselor, he is free from the constraints of his job during the summer and can devote his full attention to the children. He

states, without reference to the record, that the children will be in a day care facility during the summer while living with the mother.

Respondent counters that the six week period is a compromise between the 12 week summer vacation period that each parent has off. She claims the arrangement is a sharing of the children's time on an equal basis during their vacation.

The record does not reflect exactly when respondent is free during the summer. Her testimony indicates that she began working in July of 1983, thirteen to fifteen days a month. She testified that she works part-time and is not planning to work full-time until the children are in school.

Trial courts are afforded broad discretion in this area. *Manthei v. Manthei,* 268 N.W.2d 45 (Minn.1978). The trial court granted appellant liberal visitation rights. The fact that appellant may have more free time in the summer does not require that the trial court grant him visitation rights for the whole summer. The trial court's determination was within the bounds of its discretion.

## DECISION

The issue of joint legal custody was not litigated at trial. The trial court's determination that appellant have custody for six weeks each summer was not an abuse of discretion.

Affirmed.

LESLIE, J., dissents.

LESLIE, Judge (dissenting).

I respectfully dissent from that part of this decision concerning joint legal custody. Minn.Stat. § 518.17, subd. 2 (1984) directs the trial court to consider three relevant factors where joint legal custody is "contemplated or sought": the ability of the parents to cooperate in raising the children; their methods for resolving disputes regarding major decisions concerning the children and their willingness to use those methods; and whether it would be detrimental to the children if one parent were to

have sole authority over the children's upbringing. The trial court must consider these factors if joint legal custody is contemplated or sought. *See Berthiaume v. Berthiaume,* 368 N.W.2d 328, 332 (Minn. Ct.App.1985). Because the trial court failed to make findings considering these factors, I would reverse and remand on the issue of joint legal custody.

I am concerned with the failure of the majority to confront this important issue. Instead, the majority dismisses this important issue on a mere technicality of civil procedure. This approach is contrary to a basic tenet of civil procedure that the rules of civil procedure should be interpreted to secure the just determination of every action. *See* Minn.R.Civ.P. 1. For the parent in any dissolution case, mother or father, it is a matter of fundamental fairness to not dismiss important issues concerning his or her children on the basis of strictly interpreted rules of procedure.

The majority's reliance on Minnesota Rule of Civil Procedure 15.02 is inappropriate. The Rules of Civil Procedure are inapplicable in divorce cases to the extent that they are inconsistent or in conflict with the procedures in Minn.Stat. ch. 518. *See* Minn.R.Civ.P. 81.01(1). The question, therefore, is not whether the issue has been litigated but whether the issue was contemplated or sought.

The record clearly shows that joint custody was contemplated at trial. The majority is incorrect in saying that the issue of joint legal custody was merely "alluded to by respondent's counsel." The record shows that on at least four separate occasions the issue of joint legal custody was raised by appellant's counsel during the trial. Appellant's counsel questioned respondent, a social worker, and appellant on two separate occasions about the possibility of joint legal custody. On none of these occasions did respondent object to this line of questioning. Appellant's memoranda and proposed order discussing joint legal custody also shows that appellant's counsel clearly felt that the issue of joint legal custody had been raised and was before the court.

It is significant that both appellant and respondent sought custody of their children. When both parties seek physical custody, one party should not be surprised if the other later asks for joint legal custody. Indeed, I am of the opinion that under Minn.Stat. § 518.17, subd. 3 (1984), the issue of joint legal custody is inherently before the court in every disputed custody case.

I would not be so strongly inclined to dissent in this case if the record contained strong evidence that joint legal custody would be ineffective or that appellant was an unfit parent. However, to the contrary, the record shows that appellant, a school counselor, is uniquely well qualified to help make decisions affecting his children's future. The children obviously love their father, and there is no substantial evidence suggesting that he should not participate in decisions relating to the rearing of his children. Although the parties had the usual problems while the divorce was pending, the record shows that overall they have cooperated well during the difficult dissolution process. The record certainly does not show that they are incapable of continuing to cooperate or that joint legal custody would not be in the best interest of the children.[1]

Because the record shows that joint legal custody was clearly contemplated at trial and because the evidence could support a finding of joint legal custody, I would reverse and remand and require the trial court to make findings on this significant issue.

---

1. I note that the legislature has recently amended Minn.Stat. § 518.17, subd. 2 to create a rebuttable presumption that joint legal custody is in the best interest of the children. Although that rebuttable presumption may not be applicable in this case, the evidence in the present case could certainly support a finding that it would be in the best interest of the children to order joint legal custody.