**Deborah Lynn RIGWALD,
Petitioner, Respondent,**

v.

**Walter James RIGWALD, Jr.,
Appellant.**

No. C3–87–1943.

Court of Appeals of Minnesota.

May 10, 1988.

Gregory J. Rebeau, St. Paul, for petitioner, respondent.

Jill I. Frieders, Larkin, Hoffman, Daly & Lindgren, Ltd., Minneapolis, for appellant.

Heard, considered and decided by CRIPPEN, P.J., and SCHULTZ and FLEMING, JJ.*

## OPINION

CRIPPEN, Presiding Judge.

This appeal is from a trial court's order of protection in domestic abuse proceedings. Respondent was awarded exclusive use and occupancy of the homestead, and custody of the couple's minor child was

---

* Acting as judge of the Court of Appeals by appointment pursuant to Minn. Const. art. 6, § 2.

placed with respondent. Appellant claims the trial court made inadequate findings regarding domestic abuse and custody, and erred by granting respondent exclusive use and occupancy of the homestead without requiring her to maintain mortgage payments. We affirm in part, reverse in part and remand.

## FACTS

The parties were married in March 1982. There is one minor child of the marriage, Ryan Rigwald, age four at the time of the domestic abuse hearing. In addition, each party has custody of children, minors at the time of the domestic abuse hearing, from their previous marriages.

On August 5, 1987, appellant petitioned the court for an order for protection alleging his wife committed acts of abuse. The trial court issued an ex parte temporary order for protection and set the matter for hearing on August 11, 1987. On August 6, 1987, respondent petitioned the court for an order for protection against appellant, including a request that she have custody of the couple's minor child. Another trial court issued an ex parte temporary protection order and set the matter for hearing August 13, 1987. When the companion matter was discovered, this second matter was scheduled for August 11, 1987.[1] On that date, both parties requested an evidentiary hearing. The matter was considered on August 18, 1987, and continued to August 21, 1987 for trial, which was completed September 3, 1987.

On September 3, 1987, the trial court issued an order dismissing appellant's petition and an order of protection on respondent's petition. The court found that "[t]here has been an act(s) of domestic abuse," restrained appellant from acts of abuse, placed custody of the couple's minor child with respondent, ordered Court Services to supervise visitation, and excluded appellant from the family home. The order

---

1. Present law does not require that a party who seeks relief allege the nonexistence of other proceedings affecting the relationship of the parties. *See* Minn.Stat. § 518B.01 (Supp.1987).

was made effective for one year with provision for review in six months.

On September 30, 1987, the court issued findings of fact, conclusions of law, an order for issuance of the prior protection order, and an accompanying memorandum. Based on the September 3 trial testimony of family and friends, the court specifically found:

> [Appellant] committed acts of domestic abuse against [respondent] on July 30, 1987, on July 29, 1987, in May of 1987, and on Easter Day, 1987. The Court finds by a preponderance of the evidence that [appellant] committed acts of domestic abuse against Stacey Rubbelke on August 2, 1987, on July 29, 1987, and on July 27, 1987.

> That based on these Findings, it is appropriate that an Order For Protection be issued in [respondent's file]. * * * Based upon these Findings, it is also appropriate that the Ex Parte Temporary Order for Protection, issued on [appellant's file] be dismissed and that file closed.

In the attached memorandum, the court also stated:

> As a whole, the testimony painted a picture of sadness, family dysfunction and increasing violence on an alarming scale; of a family where "sides" must always be taken, regardless of right or truth, placing the youngest child squarely in the middle; of a social setting where friends are used to buttress one's position in the argument; of a household always on the brink of hysteria.

The September 30 order was filed on October 28, 1987, and appellant perfected this appeal.

**2.** The referee stated these significant observations on court process: "My experience in dealing with these matters is that simple rulings are not appropriate and not fruitful for the people who are involved." Later in the proceedings, the court stated: "My experience in dealing with domestic abuse is that the Court doesn't make specific comments and respondents are often before the Court being in contempt of Court for being charged with violation of the order in domestic abuse court and in criminal court and

## ISSUES

1. Did the trial court make adequate findings regarding domestic abuse?

2. Were particularized findings needed to justify placement of custody of the couple's minor child?

3. Did the trial court err by granting respondent use of the homestead without requiring her to maintain the property?

## ANALYSIS

■ 1. Appellant challenges the propriety of the trial court's grant of any relief under Minn.Stat. § 518B.01, claiming the court made inappropriate findings where it's order found merely that "[t]here has been an act(s) of domestic abuse." This contention is wholly without merit. The trial court referee explained to the parties her personal determination to announce findings and made complete findings on the record.[2] Oral findings of fact are sufficient if recorded in open court. Minn.R. Civ.P. 52.01. The court specifically found that respondent's actions against appellant were not acts of domestic abuse, but that appellant's actions were acts of domestic abuse against respondent and her daughter.[3]

2. Appellant contends the trial court abused its discretion by failing to make any findings regarding custody.

### a. Procedural history

The trial court awarded respondent temporary custody but did not make findings on the merits of the placement of custody or the delegation of control on visitation to a court services agency. It is evident from the September 1987 order that the trial court made no findings on the custody issue because it anticipated adjudication of issues in dissolution proceedings which

saying that there were no findings by the Court one way or the other. After about two years of that, the Court has decided to make specific findings."

**3.** The trial court reiterated these facts in the written findings of October 28, 1987. We need not decide if the order of October 28 was an action of the court barred by reason of the pending appeal.

were to involve an initial hearing on September 17, 1987.[4]

Contrary to expectations of the trial court, a dissolution hearing was not conducted on September 17, 1987. When it was conducted on October 19, 1987, the court in that matter refused to consider any issues already decided in the domestic abuse case, deferring to determinations in the domestic abuse proceedings.[5]

Thus, the trial courts in the domestic abuse case and the dissolution proceedings both anticipated action on the custody issue by the other court. We must determine whether or not the trial court in the domestic abuse case must explain a custody decision with appropriate findings where the court anticipates later decisionmaking in a dissolution case.

### b. Child custody law

All judicial decisions on child custody require consideration of the child's best interests. *Berndt v. Berndt,* 292 N.W.2d 1, 2 (Minn.1980) ("the ultimate test in all custody cases is the best interests of the child"); *State v. Halverson,* 127 Minn. 387, 389, 149 N.W. 664, 665 (1914) ("in all controversies involving the custody of minor children the welfare and best interest of the child are the chief consideration"); *see* Minn.Stat. § 518.17, subd. 3 (1986); Minn.Stat. § 260.191, subd. 1(a) (1986) (in juvenile court child protection proceedings, including actions for victims of domestic abuse, trial court must consider best interest of child). Additionally, in domestic abuse cases, the court must "give primary consideration to the safety" of the child. Minn. Stat. § 518B.01, subd. 6(a)(3) (Supp.1987). In the exercise of judicial discretion regarding the child's best interests, the trial court should "set forth with a high degree of particularity" its findings in order for appellate review to be meaningful. *Wallin v. Wallin,* 290 Minn. 261, 267, 187 N.W.2d 627, 631 (1971); Fam.Ct.P.R. 7.05 (the requirement for particularized findings govern all family court cases).

■ Judicial decisions on visitation restrictions require the same particularized findings. Minn.Stat. § 518B.01, subd. 6(a)(3) (Supp.1987) (court to restrict visitation if it finds safety of child is penalized). *See* Minn.Stat. § 518.175, subd. 5 (1986) (court to restrict visitation if it finds visitation would serve best interests of child). The trial court here delegated determination and control of visitation to a court agency, but there were no findings on the need for this judicial choice of action.

■ Respondent contends that findings on the custody question are needed on domestic abuse cases only if the record indicates adverse pleadings of the parties on the custody topic. For several reasons, we conclude there is no merit to this contention. First, the law governing judicial custody decisions is not conditioned upon the disputations of the parties, at least where, as here, there is no evidence of the couple's mutual wishes. *See* Minn.Stat. §§ 518.17, subd. 3 (1986); 260.191, subd. 1(a) (1986). Similarly, the findings requirement is not so conditioned. *See* Fam.Ct.P.R. 7.05. In addition, this view of the law is particularly important in domestic abuse cases where respondent makes no pleadings at all. Moreover, even if there were pleadings, the child custody issue does not arise in these matters unless and until the trial court has determined domestic abuse has occurred. Thus, in this case, the appellant's separate request for domestic abuse relief asked only for a restraining order and not for relief requesting separate residences of the parties. *Cf. Hofer v. Hofer,* 386 N.W.2d 391, 393 (Minn.Ct.App.1986) (pleadings are required to present joint legal custody issue, a special custody rights topic in separation or dissolution proceedings where custody must be decided and the topic is addressed in pleadings by both parties). Finally, appellant introduced evidence on

---

**4.** It is clear the trial court appreciated and chose to comply with the supreme court's mandates for particularized findings. *See supra* note 1.

**5.** The trial court dissolution proceedings are not part of the record before us. However, because the time and nature of the court's acts on October 19, 1987 are so critical to identification of the issues here, we take notice of that trial court order, a copy of which has been included in appellant's brief.

respondent's striking of the child which particularly invited a best interests finding.

### c. Domestic abuse cases

The deference given here by the dissolution court to the decision of the domestic abuse court, while unexpected, is supported by a plausible reading of pertinent statutes and case law. *See* Minn.Stat. § 518B.01, subd. 16 (1986) (any domestic abuse proceeding "shall be in addition to other civil or criminal remedies"); Minn.R.Civ.App. 103.03(g) (unlike temporary relief orders in dissolution cases, orders under Minn.Stat. § 518B.01 are final orders in special proceedings and are appealable).[6] *See also* Minn.Stat. § 260.111, subd. 1 (1986) (original and exclusive jurisdiction in child protection proceedings under juvenile code rests in juvenile court). In addition, where (as here) the domestic abuse case has been appealed, trial court jurisdiction on the subject matter is likely barred. *See Evans v. Blesi*, 345 N.W.2d 775, 780 (Minn.Ct.App. 1984) (citing *Kath v. Kath*, 238 Minn. 120, 55 N.W.2d 691 (1952)) (post-appeal order null and void because the perfecting of appeal divested the trial court of jurisdiction).

■ To facilitate appropriate decisionmaking on child custody issues in domestic abuse cases, we conclude the trial court has these choices: 1) If the court is assured by judicial personnel that immediate adjudication of the issue in other proceedings is expected, the court may condition its temporary relief such that it expires on the first occasion for review of the issue in separation or dissolution proceedings; 2) alternatively, where immediate adjudication of the issue in other proceedings is not certain to occur, the court may decide the issue for such duration as it deems appropriate [7] and with appropriate consideration and findings on the best interests and safety of the child.

■ Governing statutes and cases should and do permit the commonplace temporary domestic abuse custody decisions which defer to early decisionmaking in dissolution proceedings. These orders serve a purpose in practice which is no different than unappealable temporary relief orders in dissolution cases. *See* Minn. Stat. § 518.131 (1986). As noted earlier, all domestic abuse orders are appealable, seemingly including even short-term orders, but appeals from those orders would normally be without substance, if not moot. These orders do not involve a substantial determination of the custody placement, and we conclude they do not preclude a custody decision in dissolution or separation proceedings, even if they are inexplicably appealed. When dissolution case custody decisions are not forthcoming as expected, an appeal of the domestic abuse order should be preceded by a motion to the trial court for review of its short-term custody order as is appropriate in circumstances where an order of longer duration is anticipated.

■ 3. Appellant contends the trial court abused its discretion by granting respondent exclusive use of the homestead without requiring her to maintain the mortgage payments. This contention is without merit. There is no such relief available under Minn.Stat. § 518B.01. The financial and property interests of the parties, except for the topic of child support, are properly resolved in separation or dissolution proceedings.

### DECISION

The trial court properly issued an order for protection, and it properly excluded consideration of the obligations of the parties for the cost of ownership of the family home. We reverse and remand the granting of custody and control of visitation for further proceedings, of a nature as indi-

---

6. On the other hand, *compare* Minn.Stat. § 518B.01, subd. 6(c) (Supp.1987) (statute specifically prohibiting modification of domestic abuse relief in dissolution case is confined to restraining orders prohibiting a party from committing acts of domestic abuse).

7. The court is permitted by law to provide relief for a fixed period of up to one year or for a longer period which the court determines is appropriate. Minn.Stat. § 518B.01, subd. 6(b) (Supp.1987).

cated by this opinion, shaped by the circumstances as to whether the trial court has assurances the case will be litigated immediately in a separation or dissolution case.

Affirmed in part, reversed in part and remanded.