In the Matter of the CONSERVATOR-SHIPS OF Margaret DAWSON, Olivette Saxum, Rose Asplund, Agnes Campbell, Velmina Lathrop, Michelle A. Hanson, Robert F. Schrammel, Gertrude Halverson, Clementine Fizz, Alof A. Olson, Evelyn B. Ryhlick, Clarence T. Johnson, Pearl V. Carlson, Conservatees.

No. C7–88–109.

Court of Appeals of Minnesota.

Aug. 2, 1988.

Review Denied Sept. 28, 1988.

Milton H. Bix, Zimmerman & Bix, Ltd., James M. Crist, Minneapolis, for appellant Kris L. Maser.

Thomas L. Johnson, Hennepin Co. Atty., Michael B. Miller, Asst. Co. Atty., Minneapolis, for respondent Hennepin County.

Heard, considered and decided by NORTON, P.J., and HUSPENI and KALITOWSKI, JJ.

## OPINION

NORTON, Judge.

Kris L. Maser appeals an order allowing her $50.00 per hour for work she performed on thirteen indigent conservatorships. We affirm.

## FACTS

On May 31, 1987, appellant Kris L. Maser petitioned the trial court for attorney fees pursuant to Minn.Stat. § 525.703 (1986) for work she performed on thirteen indigent conservatorships. Appellant requested a fee of $80 per hour for her services and $35 per hour for the services of her legal assistant. A hearing was held in which appellant showed by way of expert testimony that 1) her work on the conservatorships was very satisfactory and not excessive, and 2) that $80 per hour was a reasonable fee for an attorney with her experience in the area of conservatorship law. The trial court awarded appellant at-

torney fees in the amount of $50 per hour and denied appellant's request for legal assistant fees. The trial court made its attorney fee award in accordance with a court order issued by Judge Robert A. Forsythe setting attorney fees in cases proceeding *in forma pauperis* at $50 per hour.[1]

## ISSUES

I. Did the trial court err in setting appellant's attorney fees in accordance with Judge Forsythe's court order?

II. Should appellant's motion to strike portions of respondent's brief be granted?

III. Did the trial court commit reversible error by failing to make formal findings?

## I.

## ANALYSIS

Appellant contends that since she did not specifically request *in forma pauperis* designation of the conservatorships when she petitioned for attorney fees pursuant to Minn.Stat. § 525.703, the trial court erred in limiting her attorney fees in accordance with Judge Forsythe's order. Minn.Stat. § 525.703, subds. 1,2 (1986) provide in relevant part as follows:

Subdivision 1. In forma pauperis. The court may authorize a proceeding under sections 525.54 to 525.702 to proceed in forma pauperis, as provided in chapter 563.

Subd. 2. Lawyer or health professional. In proceedings under sections 525.54 to 525.702 a lawyer or health professional rendering necessary services with regard to the appointment of a guardian or conservator, the administration of the ward's or conservatee's estate or personal affairs or the restoration of that person's capacity, shall be entitled to reasonable compensation from the estate of the ward or conservatee or from the county

1. On December 15, 1986, then Chief Judge Robert A. Forsythe made the following order: "Pursuant to Chapter 563.01(5) that directs the Court to pay reasonable attorney fees for In Forma Pauperis cases, and upon recommendation of the Judges of the Fourth Judicial District on December 8, 1986, the fees for In Forma Pauperis cases shall be set at $50.00 per hour. The fee is for both in-court and out-of-court matters."

having jurisdiction over the proceedings if the ward or conservatee is indigent.
* * *

Under subdivision 1 of section 525.703, the court has broad authority to authorize a variety of proceedings to proceed *in forma pauperis.* In fact, every section in the Minnesota probate code relating to guardianships and conservatorships (Minn.Stat. §§ 525.54–525.61) is expressly contemplated within the terms of subdivision 1. Since subdivision 1 gives the trial court broad authority to authorize any matter relating to conservatorships to proceed *in forma pauperis,* the trial court did not err in limiting appellant's attorney fees in accordance with Judge Forsythe's order.

## II.

 Appellant also moves to strike portions of respondent's brief, alleging they refer to matters not in the record on appeal. Specifically, appellant moves to strike a memorandum made by the trial judge after appellant's notice of appeal. The trial judge's memorandum explains the basis upon which his order was made and incorporates by reference Judge Forsythe's court order.

Although a trial judge's memorandum not made part of the trial court's order cannot be used to impeach or contradict the order, such a memorandum may be used to interpret or cast light thereon. *Johnson v. Johnson,* 223 Minn. 420, 427, 27 N.W.2d 289, 293 (1947). The trial court's order in this case cites section 525.703 as the source of authority under which appellant's attorney fees were allowed. Beyond that, however, the trial court made no formal findings of either fact or law. Under these circumstances, there is no possibility that the trial court's memorandum can impeach or contradict the trial court's order. Appellant's motion to strike is denied.

## III.

The trial court's memorandum, being properly reviewable, enables this court to engage in meaningful review of the trial court's order. Also, Minn.R.Civ.P. 52.01 states in relevant part that "[i]t will be sufficient if the findings of fact and conclusions of law are stated orally and recorded in open court following the close of the evidence or appear in an opinion or memorandum of decision filed by the court *or in an accompanying memorandum.*" (emphasis added). The trial court made its findings in an accompanying memorandum as authorized under rule 52.01. Thus, the trial court did not commit reversible error by failing to accompany its order granting appellant attorney fees with formal findings.

### DECISION

The trial court did not err in limiting appellant's attorney fees in accordance with Judge Forsythe's court order.

Affirmed.