**In the Matter of Barbara BAKER, Petitioner, Respondent,**

v.

**James BAKER, Appellant.**

**No. C0-91-1967.**

Court of Appeals of Minnesota.

March 10, 1992.

Review Granted April 29, 1992.

Barbara Baker, pro se.

James H. Manahan, Mankato, for appellant.

Considered and decided by NORTON, P.J., and RANDALL and CRIPPEN, JJ.

## OPINION

CRIPPEN, Judge.

Appellant alleges that evidence is inadequate and trial court findings are insufficient to support the court's ex parte temporary protection order awarding custody of the parties' child to respondent and authorizing only supervised visitation. Appellant also alleges a lack of findings and evidentiary support for the trial court's order for protection. Respondent did not file a brief on appeal. We reverse the ex parte order and remand the order for protection.

## FACTS

In May 1991, the daughter of appellant James Baker and respondent Barbara Bak-

er was born. On August 30, 1991, respondent moved out of the marital homestead taking the child with her. That evening, the parties had an altercation. On September 3, 1991, the parties had another altercation. Two days later respondent filed an ex parte motion for a protection order and custody of the child. Accompanying the motion was respondent's affidavit describing appellant as the aggressor in each incident. Respondent's affidavit indicated that on September 3, while appellant grabbed car keys from respondent, he pulled her such that she fell and injured her hand, which was then treated at a hospital. Respondent's affidavit also stated that on August 30, the parties argued about custody of the child and that appellant, who had been drinking, "forced" his way into the home. While he held the parties' child, appellant allegedly pushed respondent and kicked her in the shin. Respondent called the police and appellant was charged with fifth degree assault. Finally, the affidavit refers to "Summer 1991," noting that appellant threatened to kill respondent and that appellant punched respondent on the "back/left shoulder" while respondent was holding the child. The trial court issued the requested temporary order, excluding appellant from respondent's residence,[1] granting respondent temporary custody of the child, and ordering supervised visitation for appellant. A return date for hearing was scheduled for September 12, 1991.

On September 11, 1991, appellant moved for an order protecting him from respondent. Appellant also requested temporary custody of the child and child support from respondent. In his accompanying affidavit appellant alleged respondent was the aggressor in the parties' altercations. The next day, the trial court extended the ex parte temporary order to September 20, when motions were heard. Appellant was represented by counsel; respondent was not. The parties gave disparate accounts of what happened on August 30 and September 3. Testimony suggested appellant's forcing of his way into the house on

---

1. Because respondent reported having moved out of the marital homestead, the residence from which appellant was excluded appears to be the one into which respondent moved.

August 30 consisted of his pushing the door open.

While the trial court issued an order for protection awarding temporary custody to respondent, appellant's visitation was not required to be supervised.

### ISSUES

1. Does the ex parte protection order lack necessary trial court findings or evidentiary support?

2. Is the order for protection defective in terms of trial court findings or evidentiary support?

### ANALYSIS

#### I.

■ The trial court's September 5, 1991, ex parte order was effective until the September 20, 1991 hearing. *See* Minn. Stat. § 518B.01, subd. 7(b) (1990). Appellate courts generally will hear only "live" controversies. *In re Inspection of Minn. Auto Specialties, Inc.,* 346 N.W.2d 657, 658 (Minn.1984). However, because of the short time between issuance of an ex parte domestic abuse order and the subsequent hearing vitiating the order, issues involving ex parte orders are "capable of repetition yet evading review." *In re Peterson,* 360 N.W.2d 333, 335 (Minn.1985) (quoting *Southern Pac. Terminal Co. v. ICC,* 219 U.S. 498, 515, 31 S.Ct. 279, 283, 55 L.Ed. 310 (1911)). Therefore, we address the propriety of the ex parte order.

#### A. *Notification of Hearing*

Appellant alleges issuance of an ex parte order without an attempt to contact him (or to explain why contact was not attempted) violates Minn.R.Civ.P. 65.01 and Minn.Gen. R.Prac. 3.01, and has due process implications.

■ In family court matters, ex parte orders were governed by Minn.R.Fam.Ct.

2.05 and are now governed by Minn.Gen. R.Prac. 303.04.[2] The comments to both rules state that notice for these orders is governed by Minn.R.Civ.P. 65.01. Under Rule 65.01 a temporary restraining order may be granted without notice if:

> the applicant's attorney states to the court in writing the efforts, if any, which have been made to give notice or the reasons supporting the claim that notice should not be required.

■ According to the comments to Minn. Gen.R.Prac. 303.04, family court ex parte orders are also governed by Minn.Gen. R.Prac. 3. General Rule 3 requires the trial court to recite reasons supporting ex parte relief. The comments to General Rule 3 state:

> The review of the efforts made to provide notice is an integral part of permitting ex parte relief to be granted. * * * In some circumstances, there may be proper reasons to justify ex parte relief even if notice could be given, and in those limited instances, a showing of those reasons should be made and reviewed by the court. The more common situation will involve description of the efforts made to give notice. * * * The Task Force also believes that if notice to affected parties is deemed unnecessary, the order should state the facts supporting ex parte relief without notice.

This record does not indicate attempts to notify appellant of the temporary relief hearing nor does the record contain any explanation why notification was not attempted.[3]

Appellant also alleges he was deprived of due process of law by the trial court's ex parte order. Notice and hearing are the fundamental aspects of due process. However, because the issue is governed by applicable rules, we need not further address the constitutional argument.

---

**2.** Minn.Gen.R.Prac. 301 provides that Rules 301 through 312 govern all family law practice. Comments to the rule specify domestic abuse proceedings among those governed by these rules.

**3.** We observe that the printed petition and temporary order forms recite the existence of an emergency due to reported abuse. This observation is inconclusive on the topic of cause to withhold notice.

## B. *Custody and Visitation*

Regarding ex parte temporary custody awards, we initially note the Domestic Abuse Act allows the trial court to grant relief "as the court deems proper" but does not specifically mention custody or visitation. Minn.Stat. § 518B.01, subd. 7(a) (1990). However, excluding one party from the other's residence, one of the expressly included forms of temporary relief under subdivision 7(a), functionally requires control of physical custody of the children for the duration of the order. Just as custody is a proper subject of an ex parte domestic abuse order, so is visitation.

As already observed, ex parte orders are governed by Minn.Gen.R.Prac. 303.04, formerly Minn.R.Fam.Ct. 2.05. Comments of the Family Court Rules Advisory Committee state that Minn.Stat. § 518.131 (1990) controls ex parte temporary restraining orders. We are thus satisfied that the provisions of Minn.Stat. § 518.131, subd. 3 govern temporary restraining orders in both dissolution and domestic abuse proceedings.[4]

Under Minn.Stat. § 518.131, subd. 3(b), an ex parte order may not award custody or deny visitation "except upon a finding by the court of immediate danger of physical harm to the minor children of the parties."[5] The trial court's order includes no findings on danger to the child or the immediacy of danger.

In the absence of stated reasons for proceeding ex parte or findings necessary to support the temporary custody award, we must reverse the trial court's ex parte order. *See Schmidt*, 436 N.W.2d at 107 (lack of notice and opportunity to be heard and lack of findings fatal to custody award under Minn.Stat. § 518.131).

Appellant also contends that the evidence here does not show an immediate danger of his abusive conduct. He specifically challenges the adequacy of a statement printed on the petition form given by respondent stating that respondent fears immediate danger of further abuse because of incidents set forth in the petition. Without trial court findings on the issue, we cannot review this contention on the adequacy of evidence.

## II.

Appellant also challenges the trial court's subsequent order for protection, alleging the custody award is unsupported by findings or evidence on the record.

Child custody decisions, to be premised on the child's best interests, are to be based on trial court findings "set forth with a high degree of particularity." *Wallin v. Wallin*, 290 Minn. 261, 267, 187 N.W.2d 627, 631 (1971); *see Rigwald v. Rigwald*, 423 N.W.2d 701, 704 (Minn.App. 1988) (application of *Wallin* to certain domestic abuse custody orders).

In *Rigwald*, we determined the highly particularized findings demanded in *Wallin* might be unnecessary "[i]f the court is assured by judicial personnel that immediate adjudication of the issue in other proceedings is expected," in which case the trial court should "condition its temporary relief such that it expires on the first occa-

---

**4.** We note Minn.Stat. §§ 518B.01 and 518.131 are "in pari materia." The supreme court has stated:

> "Statutes 'in pari materia' are those relating to the same person or thing or having a common purpose." Such statutes, should be construed in light of one another.

*State v. McKown*, 475 N.W.2d 63, 65 (Minn. 1991) (quoting *Apple Valley Red–E–Mix, Inc. v. State*, 352 N.W.2d 402, 404 (Minn.1984) and citing *Doe v. Minnesota State Bd. of Medical Examiners*, 435 N.W.2d 45, 49 (Minn.1989)), *cert. denied*, —— U.S. ——, 112 S.Ct. 882, 116 L.Ed.2d 786 (1992). Here, the relevant provision of both statutes address temporary relief of family members physically endangered by other family members. As appellant also observes, it would be an anomaly if anyone wishing to evade the requirements of section 518.131 might merely seek temporary relief without restrictions under section 518B.01.

We also note that the Minnesota Supreme Court has highlighted the demands of section 518.131, subd. 3, in a discussion responding to due process contentions about an ex parte custody order. *In re Marriage of Schmidt*, 436 N.W.2d 99, 106–07 (Minn.1989).

**5.** We note that a similar analysis requires findings to exclude a party from the marital homestead. *See* Minn.Stat. §§ 518B.01, subd. 7(a), 518.131, subd. 3(a).

sion for review of the issue in separation or dissolution proceedings." *Rigwald,* 423 N.W.2d at 705. Since *Rigwald* was decided, however, the Minnesota Supreme Court has determined that *Wallin* findings are necessary to sustain the validity of custody determinations in a temporary relief order which is reviewed on appeal. *Schmidt,* 436 N.W.2d at 106.[6] *Schmidt* negates the *Rigwald* limitation on application of the findings mandate of *Wallin* and its progeny. As appellant contends, this development of law on findings of fact for domestic abuse cases is also suggested in Minn.Stat. § 257.025(a) (1990), which provides that in "any proceeding where two or more parties seek custody of a child," the trial court must make "detailed findings" on statutory best interests factors "and explain how the factors led to its conclusions and to the determination of the best interests of the child."

The trial court's order for protection contains no findings of fact on its placement of child custody. As a result, the matter must be remanded for further trial court consideration. Moreover, because no such findings appear, we are unable to respond to appellant's contention that the custody placement is not supported by sufficient evidence.

## DECISION

Because of fatally deficient notice procedures and a lack of findings, the trial court's ex parte order is reversed, custody decisions in the order for protection are vacated and the proceedings are remanded for redetermination of these issues.

Reversed in part and remanded in part.

---

**6.** Domestic abuse proceedings, as appellant asserts, have frequently substituted for temporary relief proceedings in a dissolution case. However, the domestic abuse order for protection is much different than a temporary relief order. Most notably, the order of protection is uniquely enforceable, even through prosecution of a violation as a crime. *See* Minn.Stat. § 518B.01, subds. 13–16 (1990). Also, unlike the temporary relief order in dissolution cases, the order for protection is a final order appealable as a matter of right under Minn.R.Civ.App.P. 103.03(g). Discretionary review of temporary relief orders, permitted under Minn.R.Civ.App.P. 105, rarely occurs. *Schmidt* dealt with a temporary order reviewed because of a jurisdictional dispute. We do not reach the question here as to any application of *Schmidt* to circumstances where a temporary order is not before us on an appeal of right.