*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2016).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A16-0625**

Suncom, LLC,
Appellant,

vs.

Robert Feuling d/b/a West Side Liquors of Sartell, LLC,
and West Side Liquors of Sartell, Inc.,
Respondents.

**Filed February 6, 2017
Affirmed in part, reversed in part, and remanded
Reilly, Judge**

Stearns County District Court
File No. 73-CV-14-1147

Ryan Simafranca, Simafranca Law Office, Minnetrista, Minnesota; and

Timothy W. Fafinski, Corporate Counsel, P.A., Independence, Minnesota (for appellant)

Gordon H. Hansmeier, Matthew W. Moehrle, Christopher A. Wills, Rajkowski Hansmeier Ltd., St. Cloud, Minnesota (for respondents)

Considered and decided by Reilly, Presiding Judge; Connolly, Judge; and Bjorkman, Judge.

**U N P U B L I S H E D   O P I N I O N**

**REILLY**, Judge

Lessor-appellant brought an action against lessee-respondent seeking breach-of-contract damages and reasonable attorney fees for respondent's early termination of a

commercial lease. Following a jury verdict in appellant's favor, the district court denied respondent's motion to grant judgment as a matter of law on appellant's breach-of-contract claim, but granted respondent's motion for judgment as a matter of law on appellant's attorney-fees claim. The district court also quashed a subpoena served by appellant on respondent's legal counsel and declined to permit appellant's counsel to take the stand as a witness in appellant's case. We hold that the district court did not err in declining to enter judgment as a matter of law on appellant's breach-of-contract claim, and affirm the jury's award of breach-of-contract damages to appellant. We further hold that the district court did not abuse its discretion by quashing a subpoena and by denying appellant's request to call a party's counsel as a witness. However, we determine that the district court erred in dismissing appellant's attorney-fees claim and reverse and remand for further proceedings in accordance with this opinion.

## FACTS

In December 2000, appellant/cross-respondent Suncom, LLC entered into a lease agreement (the first lease) with Pinecone Liquors, Inc., a third-party not involved in this dispute. Pinecone agreed to lease space in a building owned by Suncom for a term of up to four years, beginning on April 1, 2001, and continuing until March 31, 2005. The term of the lease could be extended for two successive periods of four years each, or eight additional years total, from April 1, 2005 to March 31, 2009, and from April 1, 2009 to March 31, 2013. In September 2004, respondent/cross-appellant Robert Feuling d/b/a West Side Liquors of Sartell, LLC and West Side Liquors of Sartell, Inc. (West Side), entered into a sale and purchase agreement with Pinecone, wherein West Side agreed to

2

purchase all of Pinecone's assets. Pinecone assigned the first lease to West Side as part of the sale. On October 1, 2004, Pinecone transferred its rights, title, and interest in the first lease to West Side through an executed assignment of lease, and West Side assumed Pinecone's lease with Suncom.

On September 2004, Suncom and West Side entered into a lease for a second location (the second lease). The second lease had an initial lease term of four years, from June 1, 2013 to May 31, 2017, with an option to extend the lease for two successive periods of four years each, or eight years total, from June 1, 2017 to May 31, 2021, and from June 1, 2021 to May 31, 2025.

On October 20, 2008, Feuling sent a letter to Suncom's principal, Stewart Swenson, indicating that West Side was canceling the lease and moving out of the leased premises.[1] Suncom initiated a conciliation court action seeking to recover $7,500 in damages for West Side's failure to pay rent for the final two months of the first lease's term. The conciliation court awarded default judgment in Suncom's favor in the amount of $7,500, representing rent and other costs for April and May, 2009. West Side later satisfied this judgment.

In July 2012, Suncom inquired into West Side's "intentions with regards to the [second lease] . . . for the entire time of June 1, 2013 and continuing up to and including May 31, 2017." West Side denied liability under the second lease, based upon Feuling's October 2008 cancellation letter. West Side further argued that the $7,500 conciliation court judgment represented a "final settlement" between the parties. In response, Suncom

---

[1] The letter did not identify which of the two leases Feuling intended to cancel.

initiated a civil action in May 2013 seeking to recover breach-of-contract damages and attorney fees incurred in connection with West Side's purported breach of the second lease. The complaint alleged that West Side anticipatorily repudiated the second lease by informing Suncom that West Side had "no intention of honoring the terms of the [second] [l]ease." Suncom asserted that "[f]ollowing this anticipatory repudiation and in an effort to mitigate its damages," Suncom re-let the premises to another tenant.

Prior to trial, Suncom moved the district court to prohibit West Side from differentiating between an action for anticipatory breach and an action for breach-of-contract. West Side argued that Suncom should be required to elect its theory of recovery. The district court agreed with West Side's position and ordered Suncom to clarify which claim it intended to pursue at trial. On the first day of trial, Suncom elected to proceed under a breach-of-contract theory of recovery.

The district court also agreed to bifurcate the trial, trying liability and damages in the first phase of the trial, and trying Suncom's claim for attorney fees in the second phase of the trial. Suncom waived its right to a jury trial on the attorney-fees issue and agreed to proceed with a court trial for the second phase of the proceedings.

The first phase of the case was presented to the jury during a three-day trial in October 2015. Following the close of Suncom's case, West Side moved for judgment as a matter of law on the issue of liability; the district court took the matter under advisement. The jury returned a verdict in Suncom's favor, determining that West Side breached the second lease and awarding Suncom $46,950 in damages. Following the verdict, West Side moved for judgment as a matter of law on the issue of attorney fees, arguing that Suncom

4

failed to identify a competent witness. The district court also took this matter under advisement.

On October 16, the district court issued an order denying West Side's motion for judgment as a matter of law on Suncom's breach-of-contract claim, but granting West Side's motion for judgment as a matter of law on Suncom's attorney-fees claim. The district court dismissed Suncom's claim for attorney fees and did not conduct the second phase of the bifurcated trial. Suncom subsequently moved for a new trial and for leave to amend or to supplement the complaint. West Side filed a motion for judgment as a matter of law and a new trial. The district court denied both motions. Suncom now appeals the district court's decision granting West Side's motion for judgment as a matter of law on Suncom's attorney-fees claim, as well as the district court's evidentiary determinations. West Side appeals the district court's denial of its motion for judgment as a matter of law on Suncom's breach-of-contract claim.

## DECISION

**1. The district court did not err by denying West Side's motion for judgment as a matter of law on Suncom's breach-of-contract claim.**

Judgment as a matter of law should be granted only in "unequivocal cases where (1) in the light of the evidence as a whole, it would clearly be the duty of the [district] court to set aside a contrary verdict as being manifestly against the entire evidence, or where (2) it would be contrary to the law applicable to the case." *Jerry's Enters., Inc. v. Larkin, Hoffman, Daly & Lindgren, Ltd.*, 711 N.W.2d 811, 816 (Minn. 2006) (quotation omitted). We review de novo the denial of a motion for judgment as a matter of law. *Am. States Ins.*

5

*Co. v. Ankrum*, 651 N.W.2d 513, 521 (Minn. App. 2002). The district court's decision will be affirmed if, "in considering the evidence in the record in the light most favorable to the prevailing party, there is any competent evidence reasonably tending to sustain the verdict." *Navarre v. S. Washington Cty. Sch.*, 652 N.W.2d 9, 21 (Minn. 2002) (quotations omitted).

West Side challenges the district court's denial of its motion for judgment as a matter of law, arguing that Suncom cannot establish a cause of action for breach-of-contract because Suncom commenced its lawsuit on May 20, 2013, and West Side was not required to perform on the second lease until June 1, 2013. Therefore, West Side claims that Suncom's claim fails as a matter of law and the district court erred by refusing to grant a directed verdict in West Side's favor. In response, Suncom argues that West Side "expressly consented to Suncom's change of election of remedy to pursue [a] breach of contract [claim]."

Minnesota Rule of Civil Procedure 15.02 governs amendment of pleadings to conform to the evidence and states in relevant part that "[w]hen issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings." Minn. R. Civ. P. 15.02. Litigation by consent is implied where the issues sought to be raised are reasonably apparent and "the intent to try [those] issues is clearly indicated by the failure to object or otherwise." *Hopper v. Rech*, 375 N.W.2d 538, 542 (Minn. App. 1985) (quotation omitted), *review denied* (Minn. Dec. 30, 1985). However, "[a] party must have notice of a claim against [it] and

6

an opportunity to oppose it." *Hofer v. Hofer*, 386 N.W.2d 391, 393 (Minn. App. 1986). Thus, a "[m]ere reference" at trial to the relief sought is insufficient. *Id.*

Applying these principles here, we determine that the district court acted within its discretion in finding that West Side consented to litigate Suncom's breach-of-contract claim at trial. The district court held that there was a "legally sufficient basis for the jury's verdict, and different minds might reasonably have reached different conclusions based upon the evidence" as to whether West Side breached the second lease. The district court declined to grant judgment as a matter of law on that basis.

The record supports the district court's decision. On the first day of trial, Suncom indicated that it was presenting a breach-of-contract claim to the jury. West Side's counsel responded: "[i]f [Suncom would] like to proceed with breach . . . then, fine, we can proceed with breach." The court inquired of West Side's counsel whether it was "prepared to proceed under breach of contract," to which West Side's counsel responded: "Yes." The district court informed the jury in the introductory comments that the case involved a breach-of-contract claim, and both attorneys gave opening statements referencing the purported breach. Swenson took the stand on Suncom's behalf and testified at length about the second lease and the parties' obligations under the lease. Swenson testified that Feuling sent him a letter canceling the lease and failed to pay any of the amounts due and owing under the terms of that agreement. West Side's counsel cross-examined Swenson on these issues. The jury heard and considered the evidence and determined that West Side breached the second lease, and competent evidence reasonably tends to support that verdict. *See Janke v. Duluth & Ne. R.R. Co.*, 489 N.W.2d 545, 548 (Minn. App. 1992)

7

(noting that standard of review "is whether there is any competent evidence reasonably tending to support the verdict") (citation omitted), *review denied* (Minn. Oct. 28, 1992). We therefore determine that West Side consented to proceed with a breach-of-contract claim and the district court did not err by denying West Side's motion for judgment as a matter of law.[2]

2. **The district court erred in determining that Suncom could not recover on its attorney-fees claim because the terms of the second lease do not provide for such recovery.**

A directed verdict is appropriate when the evidence unequivocally compels one result. *Smith v. Runk*, 425 N.W.2d 299, 301 (Minn. App. 1988). In reviewing a directed verdict question, appellate courts review the evidence and its inferences to determine independently whether the evidence is sufficient to present a fact question for the jury. *Nemanic v. Gopher Heating & Sheet Metal, Inc.*, 337 N.W.2d 667, 669 (Minn. 1983). A directed verdict should be granted only if: "(1) it would be the duty of the district court to set aside a contrary verdict as being manifestly against the entire evidence when viewed in the light most favorable to the nonmoving party; or (2) the verdict would be contrary to the applicable law." *Lester Bldg. Sys. v. La.-Pac. Corp.*, 761 N.W.2d 877, 881 (Minn. 2009).

Suncom argues that the district court erred in granting a directed verdict in favor of West Side on Suncom's claim for attorney fees under the terms of the second lease. The district court initially agreed to bifurcate the trial, trying breach-of-contract liability and

---

[2] Suncom further argues that the district court abused its discretion by denying Suncom's post-trial motion to amend the complaint to assert claims for both breach of contract and anticipatory breach. Because we affirm the jury's decision finding in favor of Suncom on its breach-of-contract claim, we do not reach this argument.

damages in the first phase of the trial, and trying Suncom's claim for attorney fees in the second phase of the trial. After trial, however, the district court dismissed Suncom's claim for attorney fees on the ground that attorney fees were not recoverable under the terms of the second lease.

"[A] lease is a form of a contract." *Metro. Airports Comm'n v. Noble*, 763 N.W.2d 639, 645 (Minn. 2009). "When the language is clear and unambiguous, we enforce the agreement of the parties as expressed in the language of the contract." *Dykes v. Sukup Mfg. Co.*, 781 N.W.2d 578, 582 (Minn. 2010). We give unambiguous contract language its "plain and ordinary meaning," *Noble*, 763 N.W.2d at 645, "[b]ut if the language is ambiguous, parol evidence may be considered to determine intent." *Dykes*, 781 N.W.2d at 582. "A contract is ambiguous if its language is reasonably susceptible to more than one interpretation." *Noble*, 763 N.W.2d at 645 (quotation omitted). "Whether a contract is ambiguous is a question of law that [appellate courts] review de novo." *Dykes*, 781 N.W.2d at 582. "[B]ut the interpretation of an ambiguous contract is a question of fact." *Denelsbeck v. Wells Fargo & Co.*, 666 N.W.2d 339, 346 (Minn. 2003). An appellate court will not set aside the district court's interpretation of an ambiguous contract unless it is clearly erroneous. *Trondson v. Janikula*, 458 N.W.2d 679, 682 (Minn. 1990).

The second lease contains a default provision, stating:

> Lessor hereby agrees that in case Lessee shall default in making its payments hereunder or in the observance or performance of any of Lessee's other covenants, agreements, or obligations hereunder, or if Lessee shall vacate the Leased Premises or be adjudged bankrupt or insolvent, or if a proceeding be commenced against Lessee for the purpose of subjecting the assets of Lessee to any law relating to

9

bankruptcy or insolvency, Lessor shall give Lessee notice of such default. . . . If it is necessary for any party to retain the services of an attorney at law to enforce any of the terms, covenants or provisions hereof or to collect any sums due hereunder, the party which is in default of any of the terms, covenants and provisions hereof, or who has failed to make payment of the sums due, shall pay to the other party the reasonable value of such services.

The district court drew a distinction between "default" and "breach," and determined that an injured party could only recover attorney fees "against a party who is in default of any terms of the lease or who has failed to make payments due." The district court concluded that Suncom had "no basis under law" to collect attorney fees from West Side because West Side had not defaulted on its performance under the second lease.

We disagree. The contract does not specifically define "breach." Default is generally defined in the law as a failure to satisfy a payment obligation, while breach is generally defined as a broader failure to fulfill a contractual obligation. *See The American Heritage Dictionary of the English Language* 233, 488 (3d ed.1992) (defining "breach" as "[a] violation or infraction, as of a law, a legal obligation, or a promise" and "default" as "[f]ailure to perform a task or fulfill an obligation, especially failure to meet a financial obligation"); *see also Black's Law Dictionary* 225, 507 (10th ed. 2014) (defining "breach of contract" as "[v]iolation of a contractual obligation by failing to perform one's own promise" and "default" as "[t]he omission or failure to perform a legal or contractual duty; esp., the failure to pay a debt when due" or "[t]o be neglectful; esp., to fail to perform a contractual obligation"). Here, however, the parties use the term default in a more general sense, referring both to a failure to satisfy a payment obligation as well as a failure to fulfill

10

contractual obligations under the lease, including vacating the premises, filing bankruptcy, or failing to observe or perform "other covenants, agreements, or obligations" under the lease. It is clear from the language of the contract that "default" in this instance should be read broadly to include breach of contract.

The jury specifically found on the special verdict form that West Side was in breach of the second lease and that West Side's "breach of the contract cause[d] damage to" Suncom. The jury then awarded damages from West Side in the amount of $46,950 to "fairly and adequately compensate [Suncom] for the damages caused by the breach of the contract." Given the jury's finding that West Side breached the second lease, the district court erred by disregarding the terms of the lease and granting a directed verdict dismissing Suncom's claim for attorney fees. Therefore, we reverse and remand to the district court for further proceedings on Suncom's attorney-fees claim.

However, we limit the hearing on remand to the issues as they were frozen on October 14, 2015, following completion of the first phase of the bifurcated trial. At that time, Suncom's counsel expressly waived a jury trial and agreed to proceed with a bench trial on the question of attorney fees. The district court agreed to reopen discovery, for West Side only, on the issue of attorney fees. During trial, Suncom indicated that it intended to present its attorney-fees claim through Swenson, Suncom's principal. On remand, West Side is entitled to discovery with respect to what evidence Swenson may present to the court with regard to attorney fees. However, because the deadline for identifying new witnesses has passed, and because the district court did not agree to extend

11

discovery for Suncom, Suncom is not entitled to add witnesses or seek additional discovery on remand.

**3. The district court did not abuse its discretion by quashing Suncom's subpoena for West Side's attorney billing records.**

An appellate court reviews a district court's decision to quash a subpoena for an abuse of discretion. *In re Coleman*, 793 N.W.2d 296, 303 (Minn. 2011). We "must conclude that the district court erred by making findings unsupported by the evidence or by improperly applying the law" to find an abuse of discretion. *State v. Underdahl*, 767 N.W.2d 677, 684 (Minn. 2009).

Suncom challenges the district court's order quashing its subpoena for West Side's attorney's billing records on relevancy grounds. Relevant evidence is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Minn. R. Evid. 401. "The admission of evidence rests within the broad discretion of the [district] court and its ruling will not be disturbed unless it is based on an erroneous view of the law or constitutes an abuse of discretion." *Kroning v. State Farm Auto. Ins. Co.*, 567 N.W.2d 42, 45-46 (Minn. 1997) (quotation omitted). One week before trial, Suncom served a subpoena on West Side's counsel, commanding him to testify at trial as an attorney-fees witness. The district court quashed the subpoena on the grounds that opposing counsel's fees were irrelevant because the attorneys had different fee structures, charged different rates, had varying levels of experience, and worked in different environments.

The district court further explained that it was quashing the subpoena due to the possibility of juror confusion. Even relevant evidence may be excluded "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Minn. R. Evid. 402, 403. Here, the district court stated that it was "asking a whole lot of a jury" to request it determine the reasonableness of Suncom's attorney fees based on the testimony of West Side's counsel. The rules of evidence permit a district court to exclude relevant evidence that may confuse the issues or mislead the jury, Minn. R. Evid. 403, and we determine that the district court did not abuse its discretion by prohibiting the proposed testimony on the grounds that it was irrelevant and risked juror confusion.

4. **The district court did not abuse its discretion by denying Suncom's request to amend its witness list to call its legal counsel as a witness.**

The district court is vested with the discretion to determine whether a witness whose identity was not disclosed before trial should be allowed to testify over objections by an opposing party. *Phelps v. Blomberg Roseville Clinic*, 253 N.W.2d 390, 394 (Minn. 1977).

Suncom argues that the district court abused its discretion by refusing to allow Suncom to amend its witness list on the first day of trial to call its own counsel as a fact witness. Prior to trial, Suncom's counsel asserted that he intended to call himself to the witness stand to present attorney-fees evidence to the jury. West Side's counsel objected on the basis of prejudice and the district court agreed, stating: "[I]n terms of calling yourself

13

as a witness . . . I'm not going to [allow it] given the lack of notice and the lack of ability [for West Side] to prepare for that particular aspect."

A district court may exclude evidence as a sanction based upon a party's violation of a discovery order. Minn. R. Civ. P. 37.02(b)(2). The district court's scheduling order directed the parties to "make any expert disclosures in accordance with Rule 26.01(b) of the Minnesota Rules of Civil Procedure." *See* Minn. R. Civ. P. 26.01(b) (requiring the identification of expert witnesses). The pretrial order advised the parties that failure to comply with the order could subject a party to sanctions. Suncom failed to disclose its counsel as an expert witness. Therefore, the district court acted within its discretion by denying Suncom's motion to amend based on Suncom's failure to disclose a potential witness and for its disregard of the court's discovery rules.

5. **It is within the district court's discretion to determine on remand whether Suncom's sole witness is competent to testify as to the reasonableness of attorney fees.**

"Evidentiary rulings, including a decision to exclude . . . testimony, lie within the sound discretion of the district court." *Benson v. N. Gopher Enters., Inc.*, 455 N.W.2d 444, 445 (Minn. 1990). A party challenging an evidentiary ruling bears the burden of establishing that the district court abused its discretion and that the party was prejudiced thereby. *State v. Amos*, 658 N.W.2d 201, 203 (Minn. 2003). An appellate court reviews rulings concerning the admissibility of evidence under an abuse of discretion standard. *Bernhardt v. State*, 684 N.W.2d 465, 474 (Minn. 2004).

Suncom sought to call its principal, Swenson, to the stand to testify as to the reasonableness of attorney fees. West Side objected, and the district court determined that

14

Swenson could not testify as to the reasonableness of the attorney fees because he lacked the necessary foundation to do so. On appeal, Suncom challenges whether expert testimony was required to establish the reasonableness of Suncom's requested fees.[3]

Minnesota courts use the lodestar method for determining the reasonableness of attorney fees. *County of Dakota v. Cameron*, 839 N.W.2d 700, 711 (Minn. 2013). The lodestar method first requires a determination of "the number of hours reasonably expended" on the litigation, multiplied by "a reasonable hourly rate." *Id*. (quotations omitted). The court considers "all relevant circumstances when evaluating the reasonableness of the hours expended by attorneys and their hourly rates." *Id*. (quotation omitted). Relevant factors include "the hours expended and the hourly rates requested; . . . the nature and difficulty of the litigation; the amount in controversy and the results obtained; the fees customarily charged for similar legal services; the experience, reputation, and ability of counsel; and the fee arrangement existing between counsel and client." *City of Maple Grove v. Marketline Constr. Capital, LLC*, 802 N.W.2d 809, 819 (Minn. App. 2011).

---

[3] Suncom relies on *Wojahn v. Faul* for the principle that "[t]here is no requirement that a jury award for attorney's fees must be based on expert testimony." 242 Minn. 33, 38, 64 N.W.2d 140, 143 (1954) (citations omitted). The *Wojahn* holding has since been supplanted by caselaw employing the lodestar method, and post-*Wojahn* cases have relied upon expert testimony when determining an attorney-fees award. *See, e.g.*, *In re Strid*, 551 N.W.2d 212, 214 (Minn. 1996) (relying on expert testimony); *S.B. Foot Tanning Co. v. Piotrowski*, 554 N.W.2d 413, 419 (Minn. App. 1996) (same), *review denied* (Minn. Dec. 17, 1996); *In re Conservatorships of Dawson*, 427 N.W.2d 15, 16 (Minn. App. 1988) (same), *review denied* (Minn. Sept. 28, 1988); *In re Condemnation Proceeding for Wilmarth Line of CU Project*, 380 N.W.2d 127, 129 (Minn. App. 1986) (same).

We determine that the district court erred by dismissing Suncom's attorney-fees claim and reverse for a hearing on this issue, frozen in place to the procedural posture of the case as of October 14, 2015. On remand, the district court may determine whether Swenson is competent to testify regarding the reasonableness of Suncom's attorney fees in light of the lodestar factors.

**Affirmed in part, reversed in part, and remanded.**