Bonnie **KARNES**, Respondent,

v.

**QUALITY PORK PROCESSORS,**
Defendant and Third–Party
Plaintiff, Respondent,

v.

**ST. PAUL FIRE & MARINE INSUR-
ANCE COMPANY,** Third–Party
Defendant, Appellant.

No. CX–93–2113.

Court of Appeals of Minnesota.

April 5, 1994.

Review Granted June 2, 1994.

---

Kay Nord Hunt, Margie R. Bodas, Lommen, Nelson, Cole & Stageberg, P.A., Minneapolis, for appellant.

Warren F. Plunkett, Peter D. Plunkett, Warren F. Plunkett & Assocs., Austin, for Bonnie Karnes.

Donald E. Rysavy, Hoversten, Strom, Johnson & Rysavy, Austin, for Quality Pork Processors.

Considered and decided by FORSBERG, P.J., and CRIPPEN and FOLEY,* JJ.

## OPINION

FORSBERG, Judge.

Bonnie Karnes executed a stipulation and settlement of a workers' compensation case, a part of which provided for termination of her employment. Approximately one year later Karnes sued her employer, Quality Pork Processors, Inc. (QPP), and its workers' compensation insurer, the St. Paul Fire and Marine Insurance Company (St. Paul), claiming retaliatory firing. QPP cross-claimed against the St. Paul claiming any damages it caused Karnes were at the direction of its insurer. Defendants moved for summary judgment claiming the district court lacked jurisdiction to vacate the stipulation which was approved by the workers' compensation court. The district court denied the motion and on reconsideration certified two questions of jurisdiction to this court. We answer both questions in the negative.

## FACTS

Bonnie Karnes was injured on her job at QPP and received workers' compensation

---

* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

benefits. She was later reassigned to light duty work, and on November 1, 1991, Karnes' employment with QPP was terminated. On November 5, Karnes received and signed a stipulation forwarded by her employer. It provided a settlement for all outstanding workers' compensation claims. Karnes did not receive assistance of counsel before signing the stipulation. The stipulation was presented to a judge of the workers' compensation court who approved the settlement, as required by the workers' compensation statute.

Approximately six weeks after signing the stipulation, Karnes applied for unemployment insurance benefits. She was denied benefits because she was separated from employment due to medical restrictions. Karnes sued QPP and the St. Paul in November 1992 under Minn.Stat. § 176.82. That statute allows an employee to sue an employer who obstructs the employee from seeking workers' compensation benefits.

The employer moved for summary judgment claiming the district court lacked jurisdiction to vacate the settlement. The district court denied the motion. On rehearing, however, the court certified the jurisdiction questions to this court in the present action. The questions are recounted herein as the issues on appeal.

## ISSUES

1. Where a plaintiff/employee enters into a full, final and complete settlement of her workers' compensation claim, which includes provisions for the plaintiff/employee's voluntary resignation of employment and a waiver of any claim under Minn.Stat. § 176.82 and which settlement is approved by a workers' compensation judge, does the district court, in a subsequent action brought by the plaintiff/employee pursuant to Minn. Stat. § 176.82 for retaliatory discharge, have jurisdiction to vacate the stipulation and award and proceed on the retaliatory discharge claim?

2. If the answer to the first issue above recited is that the district court does not have jurisdiction, would the district court have such jurisdiction in the event that the provisions of the stipulation of settlement in question were fraudulent?

## ANALYSIS

1. Karnes claims she was discharged from employment for seeking workers' compensation benefits. The legislature has granted the district court jurisdiction to sanction any employer engaging in such practices and to provide damages to the aggrieved employee.

> Any person discharging or threatening to discharge an employee for seeking workers' compensation benefits or in any manner intentionally obstructing an employee seeking workers' compensation benefits is liable in a civil action for damages incurred by the employee including any diminution in workers' compensation benefits caused by a violation of this section including costs and reasonable attorney fees, and for punitive damages not to exceed three times the amount of any compensation benefit to which the employee is entitled. Damages awarded under this section shall not be offset by any workers' compensation benefits to which the employee is entitled.

Minn.Stat. § 176.82 (1992).

In this case, however, Karnes and her employer executed a stipulation which was approved by the workers' compensation court. The stipulation waives any action under section 176.82, and contains an integration clause in which Karnes specifically stated that she understood the agreement. Therefore, the settlement must be vacated before commencing the section 176.82 action. The first question presented is whether the district court has jurisdiction to vacate.

The legislature possesses the authority to establish a system of courts with special jurisdictions as it sees fit. Minn. Const. art. VI, § 1. It has established the workers' compensation court of appeals (W.C.C.A.) which, other than by appeal to the supreme court, "shall be the sole, exclusive, and final authority for the hearing and determination of all questions of law and fact arising under the workers' compensation laws of the state." Minn.Stat. § 175A.01, subd. 5 (1992). The legislature has specifically provided that such authority and jurisdiction extends to setting

aside any settlement made pursuant to this state's workers' compensation laws. Minn. Stat. § 176.521, subd. 3 (1992). *Cf.* Minn. Stat. § 176.521, subd. 2 (1992) (explicitly granting the district court jurisdiction to approve or disapprove settlements, while making specific omission of district court authority to vacate settlements in subd. 3).

We believe it is best to resolve the apparent contradiction between sections 176.82 and 176.521 by reading narrowly the statute providing the district court with jurisdiction and applying the exclusivity of the W.C.C.A. jurisdiction strictly. That is, district court jurisdiction may be exercised only so long as the jurisdiction of the W.C.C.A. has not been exercised. Thus, where there has been a settlement approved by the W.C.C.A., it must be vacated by that court before the district court may exercise its jurisdiction.

This holding does not obviate the authority of district courts to enforce section 176.82 in most cases. To avoid jurisdiction of the W.C.C.A., the aggrieved party need only sue directly in district court and refuse settlement. If, on the other hand, we were to allow dual jurisdiction in cases such as this, we would most certainly discourage settlement. Agreements such as that signed by Karnes and QPP would not be settlements at all, but, perversely, would be invitations to further litigation. We see no sense in a statutory scheme wherein an employee may keep the benefit of her bargain without fulfilling her concomitant obligations. We therefore answer the first certified question in the negative.

■ 2. The district court's second certified question is whether the district court has jurisdiction if the provisions of the stipulation are fraudulent. A settlement may be set aside by the W.C.C.A. for cause, including fraud. Minn.Stat. § 176.461(3) (1992). Making the finding of fraud is well within the powers of that court.

Within the class of cases "arising under" the Act, * * * the W.C.C.A.'s powers are plenary. The court may hear and determine "all questions of law and fact" in any such case appealed to them.

*Hagen v. Venem*, 366 N.W.2d 280, 283 (Minn. 1985).

A determination of fraud in a case arising out of a stipulation for workers' compensation benefits must be made by the W.C.C.A. We can envision no other reasonable conclusion since the court clearly has the authority to make such a determination and, as noted in the answer to question 1, only the W.C.C.A. and the supreme court have the power to vacate the stipulation upon such a finding. Thus, insofar as the district court is asking whether it has the jurisdiction and authority to make a determination of fraud as to the stipulation, and so to create jurisdiction for the section 176.82 action, the certified question is answered in the negative. Should the W.C.C.A. find fraud and vacate the stipulation, the district court would, of course, then have jurisdiction over the action.

### DECISION

The district court does not have jurisdiction to vacate a stipulation for workers' compensation benefits that was approved by the W.C.C.A. Likewise, any determination of fraud surrounding the execution of a stipulation for workers' compensation benefits must be made by the W.C.C.A. Both questions certified by the district court are answered in the negative.

**Certified questions answered in the negative.**