In the Matter of the Petition of Mark and Deanna ANDERSON to adopt A.L.S.

No. C6–96–2379.

Court of Appeals of Minnesota.

June 17, 1997.

Douglas Peine, St. Paul, for Respondents.

Jacqueline Miller, Eden Prairie, for Appellant.

Considered and decided by TOUSSAINT, C.J., and RANDALL and HOLTAN,* JJ.

## OPINION

HARVEY A. HOLTAN, Judge.

■ Appellant, the biological mother of an adopted child, argues that her consent to allow the adoption was ineffective because it was procured through duress and fraud. As a result, she claims the consent is revocable even though the ten-day statutory grace period has passed. Minnesota's adoption statute does not provide for revocation of con-

---

* Retired judge of the district court, serving as judge of the Minnesota Court of Appeals by appointment pursuant to Minn. Const. art. VI, § 10.

sent on the ground of duress, and the record does not support a finding of fraud. We affirm the district court's refusal to vacate the adoption.

## FACTS

Heather Solie (appellant) and Andrew Marston are the unmarried parents of A.L.S., born February 13, 1996. During the pregnancy, Marston was adamant that appellant place the child for adoption. So adamant, in fact, that at times violence and acts of intimidation resulted. Appellant, on the other hand, did not want to continue with the adoption. Finally, during the fall of 1995, appellant contacted the Wellspring Adoption Agency (Wellspring) and was assigned a social worker, Ruth Jensen. Appellant told Jensen that she was in an abusive relationship with her boyfriend as a result of the adoption issue. Jensen offered appellant advice and also referred appellant to a lawyer who could provide legal services to her at less cost than the cost for the attorney she had previously consulted.

With Wellspring's help, appellant and Marston contacted prospective adoptive parents Mark and Deanna Anderson (the Andersons). Once the background check on the Andersons was completed, appellant and Marston signed the required consent forms on June 7, 1996, indicating their willingness to allow the Andersons to adopt A.L.S. Appellant and Marston were advised of their legal rights regarding the adoption process, their relationship with the adoptive parents, and their dealings with Wellspring. These rights were summarized in the consent form. Appellant's attorney was present when the consent was signed.

On June 10, 1996, due to extraordinary circumstances, the district court issued an emergency order granting temporary pre-adoptive custody of A.L.S. to the Andersons. However, on July 19, 1996, appellant wrote a letter to the Hennepin County Juvenile Court adoption clerk attempting to revoke her consent to the adoption.

Appellant subsequently moved the district court for an order revoking her consent to adopt. The district court denied the motion. Appellant argues: (1) the consent to adopt was invalid because it was given under duress, and (2) her consent was invalid because Wellspring was guilty of fraud.

## ISSUES

I. Was appellant's consent invalid because of duress?

II. Was appellant's consent invalid because of fraud?

## ANALYSIS

Statutory construction is a question of law which this court reviews de novo. *Sorenson v. St. Paul Ramsey Med. Ctr.*, 457 N.W.2d 188, 190 (Minn.1990). As a fundamental rule of statutory interpretation, this court "should look first to the specific statutory language and be guided by its natural and most obvious meaning." *Heaslip v. Freeman*, 511 N.W.2d 21, 22 (Minn.App. 1994). Adoption statutes are to be construed liberally to accomplish their purpose and substantial compliance is required to sustain the validity of the proceeding. *In re Anderson*, 235 Minn. 192, 197, 50 N.W.2d 278, 283 (1951).

### I.

A consent to adoption must comply with strict statutory requirements. *In re A.M.P.*, 507 N.W.2d 616, 619 (Minn.App.1993). "No child shall be adopted without the consent of the child's parents and the child's guardian, if there be one * * *." Minn.Stat. § 259.24, subd. 1 (1996). A parent's consent may be withdrawn for any reason within ten working days after the consent is executed. Minn. Stat. § 259.24, subd. 6a (1996). On the day following the tenth working day after execution, the consent "shall become irrevocable, except upon order of a court of competent jurisdiction after written findings that consent was obtained by fraud." *Id.*

The object of all interpretation and construction of laws is to ascertain and effectuate the intention of the legislature. Every law shall be construed, if possible, to give effect to all its provisions. When the words of a law in their application to an existing situation are clear and free from all ambiguity, the letter of the law shall not

be disregarded under the pretext of pursuing the spirit.

Minn.Stat. § 645.16 (1996).

Appellant argues that the district court improperly determined that parental consent is not revocable based on duress. She refers to *Karnes v. Quality Pork Processors*, 532 N.W.2d 560, 562 (Minn.1995), arguing that this court should consider an adoption consent form akin to a covenant, release, or contract and, thus, voidable if formed under duress.

In *Karnes*, the supreme court determined that the legal foundation supporting a covenant not to sue was contractual in nature. *Id.* at 562. The court concluded that duress, a concept recognized in contract law, was a ground for avoiding the covenant. *Id.* at 562–63.

■ The immediate case is distinguishable. Here, no contract was formed. "A contract is an agreement between parties whereby one of them acquires a right to an act by the other; and the other assumes an obligation to perform the act." *Despatch Oven Co. v. Rauenhorst*, 229 Minn. 436, 442, 40 N.W.2d 73, 78 (1949) (citation omitted). The release involved in *Karnes* meets the definition. In that case, the covenant represented an agreement not to enforce a legal cause of action against a party to the agreement. One party was, therefore, released upon signing from being required to defend a legal action. The other party was obligated not to sue. In the present case, appellant merely noted that for the time being she had consented to an adoption. Neither party had an obligation to act; neither party acquired any rights. The fact that appellant promised to consent is immaterial. Promises do not necessarily effectuate contracts because not every promise is legally enforceable. *See Cederstrand v. Lutheran Bhd.*, 263 Minn. 520, 529, 117 N.W.2d 213, 219 (1962) ("The fact that a promise was given does not necessarily mean that a contract was made."). As a result, appellant's argument that contract law should govern this case, and therefore that a duress theory may undo the consent, does not withstand scrutiny.

Even if duress was a defense under the statute, the facts submitted to the trial court show appellant was out of Marston's presence for extended periods of time while she lived with her mother. The very fact that she left Marston and moved out of the residence she shared with him indicates that she was free of duress. These facts support a finding that there was no duress during all material times. During these times, appellant was free to file a timely revocation of consent.

■ In addition, the statute itself is clear and unambiguous. The plain language notes that "fraud" alone is a basis to revoke one's consent to adopt after the ten-day grace period. The statute does not mention duress. Under these circumstances, the appropriate practice is to follow the plain language of the statute. *See Ullom v. Independent Sch. Dist. No. 112, Chaska*, 515 N.W.2d 615, 617 (Minn.App.1994) (a court must give effect to the plain meaning of the statute). To include duress, a totally unrelated concept, would be to add to the plain language of the statute. There is no support for such a practice. *See Phelps v. Commonwealth Land Title Ins.*, 537 N.W.2d 271, 274 (Minn. 1995) (holding that "where the intention of the legislature is clearly manifested by plain unambiguous language * * * no construction is necessary or permitted"). The statute does not recognize duress as a basis for revoking a consent to adopt. It is, therefore, not within our power to do so. *See Martinco v. Hastings*, 265 Minn. 490, 497, 122 N.W.2d 631, 638 (1963) ("the courts cannot supply that which the legislature purposely omits or inadvertently overlooks").

The exclusion of duress from the statute is justified to bring finality to adoption proceedings. The limited basis for revocation is to protect the parent who, by reason of some fraudulent action, would be denied the benefit of the ten-day rule. On the other hand, a parent consenting under duress is fully aware of the consequences of his or her act and the benefit of the ten-day rule. Under these circumstances, the innocent and unknowing child and adoptive parents should not suffer by reason of the knowing parents' failure to comply with the ten-day rule.

## II.

Minn.Stat. § 259.24, subd. 6a, states that the only way to revoke consent to an adoption following the ten-day grace period is by way of court order noting that consent was obtained by fraud.

The elements of fraud, under Minnesota law, are "a false representation pertaining to a material past or present fact susceptible of human knowledge, knowledge by the person making the representation of its falsity or assertion of it without knowledge of its truth or falsity, an intention that the other person act on it, or circumstances justifying the other person in so acting, and the other person being in fact reasonably induced to act upon the representation, relying upon it and suffering damage attributable to the misrepresentation."

*In re Strid*, 487 N.W.2d 891, 893-94 (Minn. 1992) (quotation omitted). Unless otherwise indicated by the legislature, the standard of proof in all civil fraud cases is by preponderance of the evidence. *State by Humphrey v. Alpine Air Prods.*, 500 N.W.2d 788, 791 (Minn.1993).

Appellant claims the district court erred in refusing to find that the parental consent was obtained by fraud. Appellant refers to three separate instances when Wellspring allegedly misled her to secure the adoption. First, when Wellspring failed to alert her as to the proper means to revoke consent; second, when Wellspring did nothing to ameliorate appellant's battering situation; and lastly, when Wellspring deprived appellant of independent legal counsel. Appellant's arguments are unpersuasive and unsupported by the record.

As a result, appellant may not rely upon fraud to revoke her consent. Appellant's consent must be deemed final and effective.

## DECISION

Minn.Stat. § 259.24, subd. 6a, provides no basis for the revocation of a consent to adoption on the ground of duress, and the record contains insufficient evidence to support appellant's claim of fraud. The district court properly denied appellant's motion to revoke her consent to the adoption.

**Affirmed.**